Michael Friedland (State Bar No. 157,217)
michael.friedland@knobbe.com
Thomas P. Krzeminski (State Bar No. 213,714)
2tpk@knobbe.com
2040 Main Street, 14th Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff,
HIGHMARK DIGITAL, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| HIGHMARK DIGITAL, INC., a California corporation, | CASE NO. 2:18-cv-06105-SJO-AS |
|---|---|
| Plaintiff, | **DECLARATION OF RICHARD MATULIA IN SUPPORT OF PLAINTIFF HIGHMARK DIGITAL, INC.'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| CASABLANCA DESIGN CENTERS, INC., a California corporation; FOUR SEASONS WINDOWS, INC., a California corporation; INTERIOR DOOR & CLOSET COMPANY, an unincorporated California company; ONE DAY DOORS AND CLOSETS, INC., a California corporation; DAVID WINTER, an individual; and ONE DAY ENTERPRISES, LLC, a Delaware company, | **Hon. S. James Otero**<br>**Magistrate Judge Alka Sagar**<br><br>**Date: January 27, 2020**<br>**Time: 10:00 a.m.**<br>**Judge: S. James Otero**<br>**Location: Courtroom 10C**<br><br>**Discovery Cutoff: 9/30/2019**<br>**Pre-Trial Conference: 2/3/2020**<br>**Trial Date: 2/11/2020** |
| Defendants. | |

-1-

I, Richard Matulia, hereby declare:

1. I am the Chief Executive Officer ("CEO") of HIGHMARK DIGITAL, INC. (hereinafter "HighMark"), Plaintiff in this action. I have personal knowledge of the matters set forth in this Declaration and, if called upon as a witness, would testify competently thereto.

2. I submit this Declaration pursuant to Federal Rule of Civil Procedure 56(c)(4), and Local Rules 7 and 56 in support of Plaintiff HighMark's Motion for Summary Judgment.

3. At the time David Winter resigned from HighMark, HighMark had an opportunity to grow and expand its market share. HighMark had the ability and funds to pursue that opportunity.

4. David Winter removed confidential and proprietary HighMark data from a company device issued to him prior to returning said device. This wiping of data from a HighMark laptop and a HighMark external hard drive was confirmed by a third-party forensics service (CalForensics) that HighMark engaged to retrieve device data.

5. HighMark's trade secrets are the process, method, and platform associated with digitally storing door measurement data from measuring devices, and converting that measurement data into cutting instructions in the form of HOP files readable by a Holzher CNC Machine. Tangible aspects of this trade secret include (1) the HOP files, to the extent that HighMark's conversion source code, or any portion thereof, can be derived from a HOP file, and (2) the source code for this conversion process. HighMark takes measures to maintain the confidentiality of its trade secrets through use of confidentiality agreements with employees, customers, and suppliers. Furthermore, access to source code requires unique log-in credentials, which HighMark provides to a limited number of employees.

6. The trade secrets described in Paragraph 5 of this declaration are encompassed in HighMark's One-Cut™ system.

7. Since the start of my employment with HighMark in approximately January 2014, Prodim Proliner measurement devices have not been used as part of HighMark's One-Cut™ system.

8. Converting digital door measurement data for interior replacement doors into cutting instructions for CNC machines is not a practice generally known in our industry. Converting digital door measurement data for interior replacement doors into cutting instructions readable by a Holzher CNC machine specifically would be even rarer. Prior to the Defendants starting their companies, I was not aware of any competitors of HighMark having the ability to generate HOP files to cut doors on a Holzher CNC machine.

9. To the best of my knowledge, David Winter was compensated for his work as an employee of Highmark throughout his time of employment.

10. HighMark's One-Cut™ system generates door cutting instructions in the form of a HOP file, which contains code readable by a Holzher CNC machine.

11. The problem HighMark addresses with its One-Cut™ system is that new doors can be cut with straight sides to fit new, straight frames, whereas replacement doors need to precisely fit an existing door frame uniquely misshapen over time.

12. Attached hereto as **Exhibit 8** is a true and correct copy of a compilation of HighMark's financial information, which was provided to HighMark's Damages Expert David Hanson in connection with this lawsuit.

///
///
///

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 20, 2019 at  LINCOLN , California.

_____
Richard Matulia

-4-