| | |
|---|---|
| Michael K. Friedland (SBN 157,217) | Martin N. Jensen (SBN 232,231) |
| michael.friedland@knobbe.com | mjensen@porterscott.com |
| Thomas P. Krzeminski (SBN 213,714) | Joceline M. Herman (SBN 310,897) |
| 2tpk@knobbe.com | jherman@porterscott.com |
| **KNOBBE, MARTENS, OLSON & BEAR, LLP** | **PORTER SCOTT A PROFESSIONAL CORPORATION** |
| 2040 Main Street, 14th Floor | 350 University Avenue, Suite 200 |
| Irvine, CA 92614 | Sacramento, CA 95825 |
| Telephone: (949) 760-0404 | Telephone: (916) 929-1481 |
| Facsimile: (949) 760-9502 | Facsimile: (916) 927-3706 |
| Attorneys for Plaintiff | Attorneys for Defendants |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HIGHMARK DIGITAL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CASABLANCA DESIGN CENTERS, INC., a California corporation; FOUR SEASONS WINDOWS, INC., a California corporation; INTERIOR DOOR & CLOSET COMPANY, an unincorporated California company; ONE DAY DOORS AND CLOSETS, INC., a California corporation; DAVID WINTER, an individual; and ONE DAY ENTERPRISES, LLC, a Delaware company,<br><br>Defendants. | CASE NO. 2:18-cv-06105-GW-ASx<br><br>**JOINT WITNESS LIST**<br><br>**Hon. George H. Wu**<br>**Magistrate Judge Alka Sagar**<br><br>**Pre-Trial Conf.: September 9, 2021**<br>**Trial: September 20, 2021** |

Plaintiff Highmark Digital, Inc. ("HighMark") and Defendants Casablanca Design Centers, Inc., Four Seasons Windows, Inc., One Day Doors and Closets, Inc., David Winter and One Day Enterprises, LLC (collectively "Defendants") jointly submit and identify the following list of both fact and expert witnesses that the parties intend to call or may call live or by depositions for testimony at trial scheduled to commence on September 21, 2021.

The parties reserve the right to amend their answering/rebuttal witness list, in view of events at trial or other developments including evidentiary rulings or other rulings by the Court and witness availability.  The parties also reserve the right not to call any of the witnesses listed below, or to call by deposition any witnesses listed as a live witness below.  The identification of a witness on this list is not an admission that the witness' testimony is admissible if called by either party, and the parties reserve their right to object to any witness or testimony that is objectionable or inadmissible.

# I. LIVE TRIAL WITNESSES

| Name of Witness | Party | Statement of Testimony | Plaintiff's Est. Length of Examination | Defendants' Est. Length of Examination |
|---|---|---|---|---|
| Joseph Fallon | Plaintiff Defendant | CTO of HighMark. Overview and development of HighMark's trade secret technology. | 2 hours | 1/2 court day |
| Katherine Gabales | Plaintiff Defendant | Testimony relating to Defendant Winter's assertions regarding alleged account hacking | 15 min. | 30 min. |
| David Hanson | Plaintiff | Damages expert. Overview of damages issue, overview of materials reviewed in forming opinions, analysis and expert opinions supporting HighMark's damages claims | 2.5 hours | 1 hour |
| Derek Huisjen | Plaintiff | Technical expert. Overview of technology at issue, overview of materials reviewed in forming opinions, analysis and expert opinions supporting HighMark's trade secret misappropriation claims, analysis of whether Defendants' door-cutting software was reverse engineered from HighMark's trade secret technology | 3.5 hours | 2 hours |

| Name of Witness | Party | Statement of Testimony | Plaintiff's Est. Length of Examination | Defendants' Est. Length of Examination |
|---|---|---|---|---|
| Glenn Johnson | Plaintiff Defendant | Background of parties' dispute, structure and overlap of Corporate Defendants, Defendant Four Seasons's breach of Master Agreement with HighMark, Defendants' correspondence with Prodim to reverse engineer from a HighMark HOP file, correspondence from Defendants regarding the reverse engineered system from Prodim not having the same functions as HighMark's software as promised by Prodim, Dairl and Glenn Johnson's communications with Winter while he still employed at HighMark, Winter's destruction of data/files on HighMark corporate laptop after resigning, facts underlying HighMark's trade secret misappropriation, breach of contract and Penal Code claims, Defendants' difficulty transitioning off their current door-cutting software, financial data from Defendants used to support HighMark's damages claims. Evidence regarding denial of Highmark factual contentions | 1 hour | 1/2 court day |

| Name of Witness | Party | Statement of Testimony | Plaintiff's Est. Length of Examination | Defendants' Est. Length of Examination |
|---|---|---|---|---|
| Dairl Johnson | Plaintiff Defendant | Background of parties' dispute, structure and overlap of Corporate Defendants, Defendant Four Seasons's breach of Master Agreement with HighMark, Defendants' correspondence with Prodim to reverse engineer from a HighMark HOP file, correspondence from Defendants regarding the reverse engineered system from Prodim not having the same functions as HighMark's software as promised by Prodim, Dairl and Glenn Johnson's communications with Winter while he still employed at HighMark, Winter's destruction of data/files on HighMark corporate laptop after resigning, facts underlying HighMark's trade secret misappropriation, breach of contract and Penal Code claims, Defendants' difficulty transitioning off their current door-cutting software, financial data from Defendants used to support HighMark's damages claims. Evidence regarding denial of Highmark factual contentions. | 1 hour | 1/2 court day |

| Name of Witness | Party | Statement of Testimony | Plaintiff's Est. Length of Examination | Defendants' Est. Length of Examination |
|---|---|---|---|---|
| Michael MacGilvray | Plaintiff Defendant | Correspondence between Defendants and third-party Prodim regarding reverse engineering HighMark's trade secret technology. Evidence regarding denial of Highmark factual contentions including role in aiding transition to Prodim software. | 30 min. | 1 hour |
| Richard Matulia | Plaintiff Defendant | CEO of HighMark. Overview of HighMark's trade secret technology, background of parties' dispute and HighMark's discovery of Defendants' misappropriation, facts underlying HighMark's trade secret misappropriation, breach of contract and Penal Code § 502 claims, facts underlying HighMark's damages/injunction claims | 2.5 hours | 1/2 court day |
| Michael McElroy | Plaintiff Defendant | Evidence regarding reputation of Defendants and potential reasons for their different corporate entities; Defendants' denial of Highmark factual contentions as the founder of Highmark. Evidence regarding statute of limitations. | 10 minutes | 3 hours |

| Name of Witness | Party | Statement of Testimony | Plaintiff's Est. Length of Examination | Defendants' Est. Length of Examination |
|---|---|---|---|---|
| Matthew Miller | Defendant | Evidence regarding denial of Highmark factual contentions as an employee who operated the CNC machine at Highmark and with Defendants. | Not a proper witness; subject of forthcoming motion to exclude | 2 hours |
| Don Vilfer | Plaintiff Defendant | Califorensics's report confirming the destruction of data/files on HighMark corporate laptop by Defendant Winter. Expert witness for Defendants. | 30 min. | 2 hours |
| David Winter | Plaintiff Defendant | Background of parties' dispute, Winter's communications with Defendants while still employed at HighMark, Winter's destruction of data/files on HighMark corporate laptop after resigning, facts underlying HighMark's trade secret misappropriation, breach of contract and Penal Code claims, Defendants' difficulty transitioning off their current door-cutting software, financial data from Defendants used to support HighMark's damages claims. Evidence regarding denial of Highmark factual contentions and statute of limitations. | 2 hours | 1 day |

**SO STIPULATED TO:**

                          Respectfully submitted,

                          **KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated: September 3, 2021    By: */s/ Thomas P. Krzeminski*
                                              Michael K. Friedland
                                              Thomas P. Krzeminski

                                              *Attorneys for Plaintiff,*
                                              HIGHMARK DIGITAL, INC.

                          **PORTER SCOTT**

Dated: September 3, 2021    By: */s/ Martin N. Jensen*
                                              Martin N. Jensen
                                              Joceline M. Herman

                                              *Attorneys for Defendants,*
                                              CASABLANCA DESIGN CENTERS, INC.,
                                              FOUR SEASONS WINDOWS, INC.,
                                              INTERIOR DOOR & CLOSET COMPANY,
                                              ONE DAY DOORS AND CLOSETS, INC.,
                                              DAVID WINTER, AND ONE DAY
                                              ENTERPRISES, LLC

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-4.3.4 regarding signatures, I hereby attest that concurrence in the filing of this document and related Declarations have been obtained from all signatories above.

Dated: September 3, 2021     By: */s/Thomas P. Krzeminski*
                                  Thomas P. Krzeminski

-8-