# EXHIBIT B

Michael K. Friedland (SBN 157,217)
michael.friedland@knobbe.com
Thomas P. Krzeminski (SBN 213,714)
2tpk@knobbe.com
**KNOBBE, MARTENS, OLSON**
 **& BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HIGHMARK DIGITAL, INC., a California corporation,<br><br>               Plaintiff,<br><br>    v.<br><br>CASABLANCA DESIGN CENTERS, INC., a California corporation; FOUR SEASONS WINDOWS, INC., a California corporation; INTERIOR DOOR & CLOSET COMPANY, an unincorporated California company; ONE DAY DOORS AND CLOSETS, INC., a California corporation; DAVID WINTER, an individual; and ONE DAY ENTERPRISES, LLC, a Delaware company,<br><br>               Defendants. | CASE NO. 2:18-cv-06105-GW-ASx<br><br>**PLAINTIFF'S MOTION _IN LIMINE_ TO EXCLUDE MATT MILLER FROM TRIAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1)**<br><br>**Hon. George H. Wu<br>Magistrate Judge Alka Sagar**<br><br>**Pre-Trial Conf.: September 9, 2021<br>Trial: September 20, 2021** |

**EXHIBIT B**

-8-

Plaintiff Highmark Digital, Inc. ("HighMark") hereby moves to preclude Defendants from calling a surprise witness at trial, Matt Miller, pursuant to Federal Rule of Civil Procedure 37(c)(1).

## I.     INTRODUCTION

The parties filed their Joint Witness List with the Court on September 3, 2021.   In the Joint Witness List, Defendants stated they intend to call their employee, Matt Miller, as a trial witness.   Mr. Miller was never identified in Defendants' initial disclosures during fact discovery.   As a result, Mr. Miller was never deposed during fact discovery.   Further, Mr. Miller is not a proper expert witness.   He did not provide an expert report in this case as required by Federal Rule of Civil Procedure 26(a)(2) and, thus, cannot provide expert testimony at trial.

Federal Rule of Civil Procedure 37(c)(1) precludes a party from calling a trial witness that was not timely disclosed during discovery.   Pursuant to Rule 37(c)(1),  Matt Miller should not permitted to testify at trial in any capacity.

## II.     BACKGROUND

### A. Defendants failed to disclose Matt Miller during fact discovery

During fact discovery, Defendants never identified Matt Miller as a potential fact witness in their initial disclosures.   On November 21, 2018, Defendants served their initial disclosures on HighMark, identifying some 17 potential fact witnesses, including employees of the Defendants.   (Exhibit A - Defs. Initial Disclosures at 2-5).   Defendants' employee Matt Miller was not disclosed. *Id.*

Thereafter, on June 28, 2019, Defendant One Day Enterprises served its initial disclosures.   In it, Defendant One Day Enterprises identified the same 17 potential fact witnesses that were previously identified by the other Defendants. (Exhibit B – One Day Enterprises, LLC's Initial Disclosures at 2-4).   Again, Defendants' employee Matt Miller was never disclosed. *Id..*

1   Fact discovery closed on September 30, 2019.  D.I. 81.  At that time,

2   HighMark had no reason to believe that Defendants would later try to call an

3   undisclosed employee as a fact witness at trial.

4   **B.** **Defendants failed to disclose Matt Miller as a proper expert witness**

5   Opening expert reports were due on October 16, 2019.  D.I. 81.

6   Defendants submitted one opening expert report, from a proposed technical

7   expert named Don Vilfer.  Expert Report from Mr. Vilfer.  (D.I. 181-1).  In his

8   report, Mr. Vilfer fails to disclose any reliance on Defendants' employee Matt

9   Miller to support his opinions in his report.  Further, Defendants never provided

10  an opening expert report from Mr. Miller.

11  On November 15, 2019, Defendants served HighMark with a responsive

12  Expert Report from Mr. Vilfer.  (D.I. 181-2).  In his responsive report, Mr. Vilfer

13  offers responses to HighMark's expert's opinions.  At no time in his responsive

14  expert report does Mr. Vilfer disclose that he is relying on Defendants' employee

15  Matt Miller to support his opinions in his rebuttal report.  Defendants never

16  provided an responsive expert report from Mr. Miller.

17  Even though Defendants failed to disclose Matt Miller as a potential

18  witness during fact or expert discovery, Defendants believe that Mr. Miller

19  should be permitted to testify at trial because Defendants' Expert Don Vilfer

20  mentioned him at his deposition on January 16, 2020 as someone he had spoken

21  to about the technology at issue when preparing his expert reports.  (Exhibit C -

22  Excerpts of Vilfer Dep. 43:13-44:6, 56:6-59:4).  Vilfer's deposition occurred one

23  day before the close of expert discovery.

24  **C.** **Defendants disclosed Matt Miller as a potential witness well after the**

25      **close of fact and expert discovery**

26  On August 11, 2020, Defendants for the first time served HighMark with a

27  supplemental initial disclosure identifying Matt Miller as someone who may have

28  discoverable information.  (Exhibit D - Defs. Initial Disclosure).  Defendants'

**EXHIBIT B**

-2-

disclosure of Matt Miller came **seven months after the close of expert discovery and eleven months after the close of fact discovery**.

Defendants' gamesmanship concealing this witness during discovery has turned this case on its head.  Defendants, if permitted to call Matt Miller at trial, will be rewarded for their discovery misconduct, allowing a surprise witness to offer new testimony and new opinions for the first time at trial, without HighMark having any notice of what Matt Miller specifically will testify regarding.   Further, allowing this surprise witness would severely harm HighMark, forcing it to cross-examine a new witness, and an expert witness relying on him, without knowing what the witness will say and what evidence and new opinions HighMark will need to assert to rebut his testimony.

### D.   RULE 37(c)(1) REQUIRES DEFENDANTS' WITNESS MATT MILLER BE EXCLUDED FROM TRIAL

Under Rule 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  Given the express language of this provision, the Ninth Circuit has found these sanctions to be "self-executing" and "automatic" unless the non-disclosing party shows that its failure to disclose was "substantially justified or harmless."  *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (quoting advisory committee note to Fed. R. Civ. P. 37).  The party facing the sanction, here Defendants, bears the burden of demonstrating that the failure to disclose was substantially justified or harmless.  *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008).

The initial disclosures mandated by the Federal Rules of Civil Procedure are designed "to encourage parties to try cases on the merits, not by surprise, and not by ambush."  *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862

(9th Cir. 2014).   The Ninth Circuit Court of Appeals has concluded that a trial court does not abuse its discretion when it excludes a witness who was not disclosed pursuant to Rule 26(a) or (e), *even if that witness was mentioned during a deposition*.  *Id.* at 863.  In reaching this conclusion, the Ninth Circuit reasoned:

> An adverse party should not have to guess which undisclosed witnesses may be called to testify.  We—and the Advisory Committee on the Federal Rules of Civil Procedure—have warned litigants not to 'indulge in gamesmanship with respect to the disclosure obligations' of Rule 26.

*Id.* (quoting *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 n.3 (9th Cir. 1994)); *see also Benjamin v. B & H Educ. Inc.*, 877 F.3d 1139 (9th Cir. 2017).

Without the automatic sanction of Rule 37(c)(1), the disclosure rules of 26(a) and (e) would have no teeth.  What were once considered mandatory disclosures instead would be purely optional, turning trials into three-ring circuses of new witnesses, new evidence and new opinions that cannot be rebutted—not because they are undisputed, but because they are new.  To avoid this type of trial by ambush, Federal Rule of Civil Procedure 37(c)(1) requires any proposed witness that was not timely disclosed to be automatically excluded from trial.

Defendants' nondisclosed trial witness was their own employee.  As such, Defendants were aware of Mr. Miller's relevance to the case when it was filed back in July 2018.  Defendants allowed this case to progress for over two years—through fact discovery, expert discovery and the summary judgment—without disclosing their own employee as a potential witness.  A party cannot conceal a witness—especially not their own employee—for the duration of fact and expert discovery and then call the witness later as a trial witness because their expert witness mentioned him at his deposition.  This is not the way the Federal Rules work.  Such conduct blatantly violates the mandatory disclosure provision of Rule 37(c)(1).

Although unfair prejudice to the offending party is not typically considered when evaluating exclusion under the automatic sanctions of Rule 37(c)(1), it should be noted that Defendants will not be unfairly prejudiced if Mr. Miller is excluded from trial.    To the extent Defendants' expert is relying upon his conversations with Mr. Miller to support his opinions at trial, experts are permitted to rely upon inadmissible hearsay.   Inadmissible evidence is permitted under Federal Rule of Evidence 703 to "explain the basis of the expert's opinion."  *Paddack v. Dave Christensen, Inc*., 745 F.2d 1254, 1262 (9th Cir. 1984).   Thus, even if Mr. Miller is excluded from trial, as he should be, the testimony of Defendants' other witnesses (in particular their expert Mr. Vilfer) should not change.  Thus, the exclusion of Mr. Miller from trial will not interfere with the examination of any other witness.

### E.    <u>CONCLUSION</u>

Pursuant to Federal Rule of Civil Procedure 37(c)(1), the Court should grant HighMark's motion *in limine* to exclude Matt Miller from testifying at trial. A proposed Order is attached.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:__September 7, 2021____   By: */s/ Thomas P. Krzeminski*_____
                                             Michael K. Friedland
                                             Thomas P. Krzeminski

                                             *Attorneys for Plaintiff,*
                                             HIGHMARK DIGITAL, INC.

**EXHIBIT B**
-5-
**-13-**
