Michael K. Friedland (SBN 157,217)
michael.friedland@knobbe.com
Thomas P. Krzeminski (SBN 213,714)
2tpk@knobbe.com
**KNOBBE, MARTENS, OLSON
 & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff

Martin N. Jensen (SBN 232,231)
mjensen@porterscott.com
Joceline M. Herman (SBN 310,897)
jherman@porterscott.com
**PORTER SCOTT**
**A PROFESSIONAL CORPORATION**
350 University Avenue, Suite 200
Sacramento, CA 95825
Telephone: (916) 929-1481
Facsimile: (916) 927-3706

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HIGHMARK DIGITAL, INC., a California corporation,<br><br>               Plaintiff,<br><br>     v.<br><br>CASABLANCA DESIGN CENTERS, INC., a California corporation; FOUR SEASONS WINDOWS, INC., a California corporation; INTERIOR DOOR & CLOSET COMPANY, an unincorporated California company; ONE DAY DOORS AND CLOSETS, INC., a California corporation; DAVID WINTER, an individual; and ONE DAY ENTERPRISES, LLC, a Delaware company,<br><br>               Defendants. | CASE NO.  2:18-cv-06105-GW-ASx<br><br>**JOINT [PROPOSED] JURY INSTRUCTIONS**<br><br>**Hon. George H. Wu**<br>**Magistrate Judge Alka Sagar**<br><br>**Pre-Trial Conf.:  September 9, 2021**<br>**Trial:  September 21, 2021** |

Counsel for Plaintiff Highmark Digital, Inc. ("HighMark") and Counsel for Defendants Casablanca Design Centers, Inc., Four Seasons Windows, Inc., One Day Doors and Closets, Inc., David Winter and One Day Enterprises, LLC (collectively "Defendants") propose the following jury instructions.

Pursuant to Judge Wu's Standing Order re Final Pre-Trial Conference for Civil Jury Trials, a table listing each proposed instruction is provided herein:

| Jury Instruction Number and Source/Identification/Description | Party(s) Offering | Rej. | Given | Given as Mod. | Date |
|---|---|---|---|---|---|
| **Preliminary Instructions** | -- | -- | -- | -- | -- |
| 1A. 9th Circuit 1.2 – Duty of Jury | P only | | | | |
| 1B. 9th Circuit 1.4 – Duty of Jury | P / D | | | | |
| 2. 9th Circuit 1.5 – Claims and Defenses | P / D | | | | |
| 3. 9th Circuit 1.6 - Burden of Proof – Preponderance of the Evidence | P / D | | | | |
| 4. 9th Circuit 1.7 - Burden of Proof – Clear and Convincing Evidence | P / D | | | | |
| 5. 9th Circuit 1.8 - Two or More Parties – Different Legal Rights | P / D | | | | |
| 6. 9th Circuit 1.9 - What is Evidence | P / D | | | | |
| 7. 9th Circuit 1.10 - What is Not Evidence | P / D | | | | |
| 8. 9th Circuit 1.11 - Evidence for Limited Purpose | P / D | | | | |
| 9. 9th Circuit 1.12 - Direct and Circumstantial Evidence | P / D | | | | |

| Jury Instruction Number and Source/Identification/Description | Party(s) Offering | Rej. | Given | Given as Mod. | Date |
|---|---|---|---|---|---|
| 10. 9th Circuit 1.13 - Ruling on Objections | P / D | | | | |
| 11. 9th Circuit 1.14 - Credibility of Witnesses | P / D | | | | |
| 12. 9th Circuit 1.15 - Conduct of the Jury | P / D | | | | |
| 13. 9th Circuit 1.16 - Publicity During Trial | P / D | | | | |
| 14. 9th Circuit 1.17 - No Transcript Available to Jury | P / D | | | | |
| 15. 9th Circuit 1.18 - Taking Notes | P / D | | | | |
| 16. 9th Circuit 1.19 - Questions to Witnesses by Jury During Trial | P / D | | | | |
| 17. 9th Circuit 1.20 - Bench Conferences and Recesses | P / D | | | | |
| 18. 9th Circuit 1.21 – Outline of Trial | P / D | | | | |
| **Instructions In The Course Of The Trial** | -- | -- | -- | -- | -- |
| 19. 9th Circuit 2.0 – Cautionary Instructions | P / D | | | | |
| 20. 9th Circuit 2.1 – Stipulated Testimony | D only | | | | |
| 21. 9th Circuit 2.2 – Stipulations of Fact | P / D | | | | |

| Jury Instruction Number and Source/Identification/Description | Party(s) Offering | Rej. | Given | Given as Mod. | Date |
|---|---|---|---|---|---|
| 22. 9th Circuit 2.3 – Judicial Notice | D only | | | | |
| 23. 9th Circuit 2.4 - Deposition in Lieu of Live Testimony | P / D | | | | |
| 24. 9th Circuit 2.9 - Impeachment Evidence – Witness | P / D | | | | |
| 25. 9th Circuit 2.10 – Tests and Experiments | P only | | | | |
| 26. 9th Circuit 2.11 – Use of Interrogatories *(combined with 2.12 into single instruction)* | P / D | | | | |
| 26. 9th Circuit 2.12 – Use of Requests for Admission *(combined with 2.11 into single instruction)* | P / D | | | | |
| 27. 9th Circuit 2.13 – Expert Opinion | P / D | | | | |
| 28. 9th Circuit 2.16 - Evidence in Electronic Format | P / D | | | | |
| **Agency** | -- | -- | -- | -- | -- |
| 29. 9th Circuit 4.2 - Liability of Corporations | P only | | | | |
| **CAUSES OF ACTION** | | | | | |
| **Trade Secret (Plaintiff: DTSA and CUTSA instructions combined together; Defendants: DTSA and CUTSA instructions** | --- | --- | --- | --- | --- |

| Jury Instruction Number and Source/Identification/Description | Party(s) Offering | Rej. | Given | Given as Mod. | Date |
|---|---|---|---|---|---|
| separate) | | | | | |
| 30A. CACI 4400 – Misappropriation of Trade Secrets – Introduction | P only | | | | |
| 30A. CACI 4401 – Misappropriation of Trade Secrets – Essential Factual Elements | P only | | | | |
| 30A. CACI 4402 - Trade Secret Defined | P only | | | | |
| 30A. CACI 4412 – "Independent Economic Value" Explained | P only | | | | |
| 30A. CACI 4403 – Secrecy Requirement | P only | | | | |
| 30A. CACI 4404 - Reasonable Efforts to Protect Secrecy | P only | | | | |
| 30A. CACI 4405 – Misappropriation by Acquisition | P only | | | | |
| 30A. CACI 4406 – Misappropriation by Disclosure | P only | | | | |
| 30A. CACI 4407 – Misappropriation by Use | P only | | | | |
| 30A. CACI 4408 - Improper Means of Acquiring Trade Secret | P only | | | | |
| 30B. 11th Circuit 11.1 - Trade Secrets - Misappropriation of a | D only | | | | |

| Jury Instruction Number and Source/Identification/Description | Party(s) Offering | Rej. | Given | Given as Mod. | Date |
|---|---|---|---|---|---|
| Trade Secret | | | | | |
| 30B. 11th Circuit 11.4 - Trade Secrets – Damages – Compensatory | D only | | | | |
| 30B. 11th Circuit 11.5 - Trade Secrets – Damages – Exemplary | D only | | | | |
| 30B. 11th Circuit 11.2 - Trade Secrets Affirmative Defense – Statute of Limitations | D only | | | | |
| **Trade Secret (Plaintiff: see above instructions; Defendants only: CUTSA)** | --- | --- | --- | --- | --- |
| 31. CACI 4400 - Introduction | D only | | | | |
| 31. CACI 4401 – Essential Factual Elements | D only | | | | |
| 31. CACI 4402 – Trade Secret Defined | D only | | | | |
| 31. CACI 4412 – Independent Economic Value Explained | D only | | | | |
| 31. CACI 4403 – Secrecy Requirement | D only | | | | |
| 31. CACI 4404 - Reasonable Efforts to Protect Secrecy | D only | | | | |
| 31. CACI 4405 - Misappropriation by Acquisition | D only | | | | |

| Jury Instruction Number and Source/Identification/Description | Party(s) Offering | Rej. | Given | Given as Mod. | Date |
|---|---|---|---|---|---|
| 31. CACI 4406 - Misappropriation by Disclosure | D only | | | | |
| 31. CACI 4407 – Misappropriation by Use | D only | | | | |
| 31. CACI 4408 - Improper Means of Acquiring Trade Secret | D only | | | | |
| **Computer Data and Access Fraud** | --- | --- | --- | --- | --- |
| 32. CACI 1812 - Comprehensive Computer Data And Access Fraud Act - Essential Factual Elements | P / D | | | | |
| **Breach of Contract** | --- | -- | --- | --- | --- |
| 33. CACI 300 – Breach of Contract - Introduction | P / D | | | | |
| 33. CACI 303 – Breach of Contract – Essential Factual Elements | P / D | | | | |
| 33. CACI 312 – Substantial Performance | D only | | | | |
| 33. CACI 314 – Interpretation – Disputed Words | D only | | | | |
| 33. CACI 315 – Interpretation – Meaning of Ordinary Words | D only | | | | |
| 33. CACI 316 – Interpretation – Meaning of Technical Words | D only | | | | |

| Jury Instruction Number and Source/Identification/Description | Party(s) Offering | Rej. | Given | Given as Mod. | Date |
|---|---|---|---|---|---|
| 33. CACI 317 – Interpretation – Construction of Contract as a Whole | D only | | | | |
| 33. CACI 318 – Interpretation – Construction by Conduct | D only | | | | |
| 33. CACI 320 – Interpretation – Construction Against Drafter | D only | | | | |
| 33. CACI 358 – Mitigation of Damages | D only | | | | |
| 33. CACI 359 – Present Cash Value of Future Damages | D only | | | | |
| VF 300 – Breach of Contract | P / D | | | | |
| **Affirmative Defenses** | --- | --- | --- | --- | --- |
| 34. Trade Secrets Affirmative Defense – Statute of Limitations | D only | | | | |
| 35. 11th Affirmative Defense – Information Was Readily Ascertainable by Proper Means | D only | | | | |
| 36. CACI 4421 – Affirmative Defense – Statute of Limitations – Three Year Limit | D only | | | | |
| 37. CACI 338 – Affirmative Defense – Statute of Limitations | D only | | | | |
| VF 4400 – Misappropriation of | P / D | | | | |

| Jury Instruction Number and Source/Identification/Description | Party(s) Offering | Rej. | Given | Given as Mod. | Date |
|---|---|---|---|---|---|
| Trade Secrets | | | | | |
| **Damages** | --- | --- | --- | --- | --- |
| 38. 9th Circuit 5.1 - Proof | P / D | | | | |
| 39. 9th Circuit 5.2 – Measures of Types of Damages | P / D | | | | |
| 40. 9th Circuit 5.3 – Mitigation | P / D | | | | |
| 41. 9th Circuit 5.4 - Damages Arising in the Future – Discount to Present Cash Value | D only | | | | |
| 42. 9th Circuit 5.5 – Punitive Damages | P / D | | | | |
| 43. 9th Circuit 5.6 – Nominal Damages | P / D | | | | |
| 44. CACI 4409 – Remedies for Misappropriation of Trade Secret | P / D | | | | |
| 45. CACI 4410 – Unjust Enrichment | P / D | | | | |
| 46. CACI 4411 – Punitive Damages for Willful and Malicious Misappropriation | P / D | | | | |
| 47. CACI 350 – Introduction to Contract Damages | P only | | | | |
| 48. CACI 353 – Loss of profits— some profits earned | P only | | | | |
| 49. CA1814 – Damages for | P / D | | | | |

| Jury Instruction Number and Source/Identification/Description | Party(s) Offering | Rej. | Given | Given as Mod. | Date |
|---|---|---|---|---|---|
| Investigating Violations of Comprehensive Computer Data and Access Fraud Act | | | | | |
| **Instructions at the End of Case** | --- | --- | --- | --- | --- |
| 50. 9th Circuit 1.4 – Duty of Jury | P only | | | | |
| 51. 9th Circuit 3.1 – Duty to Deliberate | P / D | | | | |
| 52. 9th Circuit 3.2 – Consideration of Evidence-Conduct of the Jury | P / D | | | | |
| 53. 9th Circuit 3.3 – Communication With Court | P / D | | | | |
| 54. 9th Circuit 3.4 – Readback or Playback | D only | | | | |
| 55. 9th Circuit 3.5 – Return of Verdict | P / D | | | | |
| 56. 9th Circuit 3.6 – Additional Instructions of Law | P / D | | | | |
| 57. 9th Circuit 3.7 – Deadlocked Jury | P / D | | | | |
| 58. 9th Circuit 3.8 – Continuing Deliberations After Juror is Discharged | P / D | | | | |
| 59. 9th Circuit 3.9 – Post-Discharge Instruction | P / D | | | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **PRELIMINARY JURY INSTRUCTIONS**

## PRELIMINARY JURY INSTRUCTION NO. 1A
### (DUTY OF JURY)

Members of the Jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions to refer to throughout the trial.  These instructions are not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, these instructions will be collected and I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions[1], Instruction 1.2

---

[1] 2017 Edition of U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions was Last Updated in June, 2021.

## PRELIMINARY JURY INSTRUCTION NO. 1B
## (DUTY OF JURY)

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

or

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 1.4

## PRELIMINARY JURY INSTRUCTION NO. 2
### (CLAIMS AND DEFENSES)

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is a case involving allegations of trade secret misappropriation, breach of contract and destruction of corporate property. The Plaintiff is HighMark Digital Inc. The Defendants are Casablanca Design Centers, Inc., Four Seasons Windows, Inc., One Day Doors and Closets, Inc., David Winter and One Day Enterprises, LLC.

The Plaintiff, HighMark Digital Inc., asserts that Defendants have improperly taken and used HighMark's technology relating to its proprietary system for converting three-dimensional measurements of existing door frames into custom door-cutting instructions for replacement interior doors for homes and businesses.

HighMark also asserts a breach of contract claim against Defendant Four Seasons. Four Seasons—no relation to the hotel—once had a license to use HighMark's door-cutting technology. HighMark alleges that Defendant Four Seasons breached its contractual duties of non-disclosure and no reverse engineering by emailing a file from HighMark's software to a third party. HighMark alleges that the third party then used the file it received to create a new software platform for Four Seasons based off the HighMark software.

HighMark also asserts that Defendant Winter breached his employment agreement with HighMark by working with a competitor to create a new company that would compete against HighMark. Winter was President of HighMark when doing so. When Winter later resigned from HighMark, HighMark alleges he refused to turn over his HighMark corporate laptop, only to return it over a week later with all data wiped from the computer. HighMark alleges that Winter, as

President, had access to the source code for HighMark's technology and contends that Winter improperly took the source code with him when he left to compete against HighMark.  HighMark also alleges that Winter's data deletion and wiping of the HighMark laptop that was in his possession when he resigned was a violation of the California Penal Mode. Plaintiff HighMark Digital Inc. has the burden of proving these claims.

The Defendants deny those claims and also contend that Highmark does not have trade secrets and in addition they did not misappropriate Highmark's trade secret(s).  Defendants also claim that certain of Highmark's claimed trade secret(s) were readily ascertainable by proper means at the time of the alleged acquisition, use, or disclosure. Defendants contend that Highmark's causes of action for breach of contract and misappropriation of trade secrets are barred because Defendants assert that Highmark did not file this lawsuit within the time set by law.  The Defendants have the burden of proof on these Affirmative Defenses.

Plaintiff denies Defendants' Affirmative Defenses.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 1.5

# PRELIMINARY JURY INSTRUCTION NO. 3
## (BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE)

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 1.6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PRELIMINARY JURY INSTRUCTION NO. 4
### (BURDEN OF PROOF—CLEAR AND CONVINVING EVIDENCE)

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 1.7

**PRELIMINARY JURY INSTRUCTION NO. 5**

**(TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS)**

You should decide the case as to the Plaintiff, HighMark Digital Inc, and as to each of the Defendants, Casablanca Design Centers, Inc., Four Seasons Windows, Inc., One Day Doors and Closets, Inc., David Winter and One Day Enterprises, LLC, separately. Unless otherwise stated, the instructions apply to all parties.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 1.8

# PRELIMINARY JURY INSTRUCTION NO. 6
## (WHAT IS EVIDENCE)

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 1.9

# PRELIMINARY JURY INSTRUCTION NO. 7
## (WHAT IS NOT EVIDENCE)

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 1.10

## PRELIMINARY JURY INSTRUCTION NO. 8
## (EVIDENCE FOR LIMITED PURPOSE)

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

The testimony you are about to hear may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 1.11

## PRELIMINARY JURY INSTRUCTION NO. 9
## (DIRECT AND CIRCUMSTANTIAL EVIDENCE)

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 1.12

# PRELIMINARY JURY INSTRUCTION NO. 10
## (RULING ON OBJECTIONS)

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 1.13

# PRELIMINARY JURY INSTRUCTION NO. 11
## (CREDIBILITY OF WITNESSES)

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 1.14

# PRELIMINARY JURY INSTRUCTION NO. 12
## (CONDUCT OF THE JURY)

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

1

2    **Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury

3    Instructions, Instruction 1.15

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRELIMINARY JURY INSTRUCTION NO. 13**
**(PUBLICITY DURING TRIAL)**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 1.16

**PRELIMINARY JURY INSTRUCTION NO. 14**
**(NO TRANSCRIPT AVAILABLE TO JURY)**

I urge you to pay close attention to the trial testimony as it is given. During deliberations, you will not have a transcript of the trial testimony.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 1.17

## PRELIMINARY JURY INSTRUCTION NO. 15
## (TAKING NOTES)

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 1.18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PRELIMINARY JURY INSTRUCTION NO. 16**
**(QUESTIONS TO WITNESSES BY JURORS DURING TRIAL)**


Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  *[Specific reasons for not allowing jurors to ask questions may be explained.*]  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.


**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 1.19

## PRELIMINARY JURY INSTRUCTION NO. 17
## (BENCH CONFERENCES AND RECESSES)

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 1.20

# PRELIMINARY JURY INSTRUCTION NO. 18
## (OUTLINE OF TRIAL)

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 1.21

1
2
3
4
5
6
7
8
9
10
11
12
13
14        **<u>INSTRUCTIONS IN THE COURSE OF TRIAL</u>**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTIONS IN THE COURSE OF TRIAL NO. 19
## (CAUTIONARY INSTRUCTIONS)

**At the Beginning of Each Day of the Case:**

I will continue to emphasize to you each day, that it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

(in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands].  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 2.0

**<u>DEFENDANTS' ONLY:</u>**

**INSTRUCTIONS IN THE COURSE OF TRIAL NO. 20**
**(STIPULATED TESTIMONY)**

The parties have agreed what [witness]'s testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 2.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTIONS IN THE COURSE OF TRIAL NO. 21
## (STIPULATIONS OF FACT)

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you].  You must therefore treat these facts as having been proved.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 2.2

**DEFENDANTS' ONLY:**

**INSTRUCTIONS IN THE COURSE OF TRIAL NO. 22**
**(JUDICIAL NOTICE)**

The court has decided to accept as proved the fact that [state fact]. You must accept this fact as true.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 2.3

1
2
3

## INSTRUCTIONS IN THE COURSE OF TRIAL NO. 23
## (DEPOSITION IN LIEU OF LIVE TESTIMONY)

4      A deposition is the sworn testimony of a witness taken before trial.  The
5   witness is placed under oath to tell the truth and lawyers for each party may ask
6   questions. The questions and answers are recorded.  [When a person is unavailable
7   to testify at trial, the deposition of that person may be used at the trial.]

8

9      The deposition of [*name of witness*] was taken on [*date*].  Insofar as
10  possible, you should consider deposition testimony, presented to you in court in
11  lieu of live testimony, in the same way as if the witness had been present to testify.

12

13     [Do not place any significance on the behavior or tone of voice of any
14  person reading the questions or answers.]

15

16  **Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury
17  Instructions, Instruction 2.4

18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTIONS IN THE COURSE OF TRIAL NO. 24**
**(IMPEACHMENT EVIDENCE - WITNESS)**

The evidence that a witness *[e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.*] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 2.9

## PLAINTIFF ONLY:

## INSTRUCTIONS IN THE COURSE OF TRIAL NO. 25
## (TESTS AND EXPERIMENTS)

A test or experiment was conducted.

Observe the conditions under which that test or experiment was made. These conditions may or may not duplicate the conditions and other circumstances that existed at the time and place of the incident involved in this case.

It is for you to decide what weight, if any, you give to the test or experiment.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 2.10

**INSTRUCTIONS IN THE COURSE OF TRIAL NO. 26**
**(USE OF INTERROGATORIES AND REQUESTS FOR ADMISSIONS)**

Evidence may be presented to you in the form of answers of one of the parties written interrogatories or written responses to requests for admissions submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand and you must treat these facts as having been proved.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction Nos. 2.11 and 2.12

# INSTRUCTIONS IN THE COURSE OF TRIAL NO. 27
## (EXPERT OPINION)

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 2.13

## INSTRUCTIONS IN THE COURSE OF TRIAL NO. 28
## (EVIDENCE IN ELECTRONIC FORMAT)

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A [computer, projector, printer and accessory equipment] will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

/ / /

/ / /

1   The sole purpose of providing the computer in the jury room is to enable

2   jurors to view the exhibits received in evidence in this case.  You may not use the

3   computer for any other purpose.  At my direction, technicians have taken steps to

4   ensure that the computer does not permit access to the Internet or to any "outside"

5   website, database, directory, game, or other material.  Do not attempt to alter the

6   computer to obtain access to such materials.  If you discover that the computer

7   provides or allows access to such materials, you must inform the court

8   immediately and refrain from viewing such materials.  Do not remove the

9   computer or any electronic data [disk] from the jury room, and do not copy any

10  such data.

11

12  **Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury

13  Instructions, Instruction 2.16

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14 **<u>AGENCY</u>**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF ONLY:**


**AGENCY JURY INSTRUCTION NO. 29**
**(LIABILITY OF CORPORATIONS)**


Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.


**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 4.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CAUSES OF ACTION**

**FIRST AND SECOND CAUSES OF ACTION INSTRUCTION NO. 30A
(HIGHMARK'S CLAIM FOR TRADE SECRET MISAPPROPRIATION
UNDER 18 U.S.C. § 1836, *ET SEQ.* AGAINST ALL DEFENDANTS;
HIGHMARK'S CLAIM FOR TRADE SECRET MISAPPROPRIATION
UNDER CAL. CIV. CODE § 3426 *ET SEQ.*, AGAINST ALL
DEFENDANTS)**

**PLAINTIFF'S VERSION:**

**Introduction (CACI 4400)**

Highmark claims that it is the owner of a proprietary system for measuring and installing custom-fitted and pre-painted replacement doors for homes and businesses known as "One-Cut"™ which involves converting measurements of a doorframe into cutting instructions, known as a "HOP" file, for a door cutting machine.

Highmark claims that its OneCut™ system, specifically the source code for its conversion software and the resulting HOP files, is a trade secret and that Casablanca Design Centers Inc., Four Seasons Windows, Inc., Interior Door & Closet Company, One Day Doors and Closets Inc., One Day Enterprises LLC and David Winter, which I refer to collectively as "Defendants" misappropriated it. "Misappropriation" means the improper acquisition, use, or disclosure of the trade secret.

Highmark also claims that Defendants' misappropriation caused it harm or Defendants to be unjustly enriched.

Defendants deny that they misappropriated Plaintiff's OneCut™ system.

## **Essential Factual Elements (CACI 4401)**

Highmark claims that Defendants have misappropriated a trade secret.  To succeed on this claim, Highmark must prove all of the following:

1. That Highmark owned the following:
   Source code for the conversion software and the resulting HOP files containing cutting instructions for the door-cutting machine.

2. That these pieces of information were a trade secret at the time of the misappropriation;

3. That Defendants improperly acquired, used, or disclosed the trade secret;

4. That Highmark was harmed or Defendants were unjustly enriched; and

5. That Defendants' acquisition, use, or disclosure was a substantial factor in causing Highmark's harm or Defendants to be unjustly enriched.

## **Trade Secret Defined (CACI 4402)**

To prove that the HighMark's source code and HOP files are a trade secret, Highmark must prove all of the following:

1. That HighMark's source code and HOP files were secret;

2.  That HighMark's source code and HOP files had actual or potential independent economic value because they were secret; and

3.  That Highmark made reasonable efforts to keep its source code and HOP files secret.

## **"Independent Economic Value" Explained (CACI 4412)**

HighMark's source code and HOP files have independent economic value if it gives the owner an actual or potential business advantage over others who do not know the software and who could obtain economic value from its disclosure or use.

In determining whether HighMark's source code and HOP files have actual or potential independent economic value because it was secret, you may consider the following:

(a) The extent to which Highmark obtained or could obtain economic value from its source code and resulting HOP files in keeping them secret;

(b) The extent to which others could obtain economic value from HighMark's source code and resulting HOP files if they were not secret;

(c) The amount of time, money, or labor that Highmark expended in developing its source code and resulting HOP files;

(d) The amount of time, money, or labor that would be saved by a competitor who used the source code and resulting HOP files;

The presence or absence of any one or more of these factors is not necessarily determinative.

## **Secrecy Requirement (CACI 4403)**

The secrecy required to prove that something is a trade secret does not have to be absolute in the sense that no one else in the world possesses the information. It may be disclosed to employees involved in Highmark's use of the trade secret as long as they are instructed to keep the information secret. It may also be disclosed to nonemployees if they are obligated to keep the information secret. However, it must not have been generally known to the public or to people who could obtain value from knowing it.

## **Reasonable Efforts to Protect Secrecy (CACI 4404)**

To establish that the source code for the OneCut™ system and the resulting HOP files are a trade secret, Highmark must prove that it made reasonable efforts under the circumstances to keep it secret. "Reasonable efforts" are the efforts that would be made by a reasonable business in the same situation and having the same knowledge and resources as Highmark, exercising due care to protect important information of the same kind. This requirement applies separately to each item that Highmark claims to be a trade secret. In determining whether or not Highmark made reasonable efforts to keep its conversion software and HOP files secret, you should consider all of the facts and circumstances. Among the factors you may consider are the following:

Whether HighMark instructed its employees to treat the source code and HOP

files as confidential;

Whether HighMark restricted access to the source code and HOP files for its software to persons who had a business reason to know the information;

Whether HighMark kept the source code and HOP files in a restricted or secured area;

Whether HighMark required employees or others with access to the source code and the HOP files to sign confidentiality or nondisclosure agreements;

Whether HighMark took any action to protect the specific the source code and HOP files, or whether it relied on general measures taken to protect its business information or assets;

The extent to which any general measures taken by HighMark would prevent the unauthorized disclosure of its source code and HOP files;

The presence or absence of any one or more of these factors is not necessarily determinative.

## **Misappropriation by Acquisition (CACI 4405) – Entity Defendants**

Casablanca Design Centers Inc., Four Seasons Windows, Inc., Interior Door & Closet Company, One Day Doors and Closets Inc., One Day Enterprises LLC, which I will refer to as "the Entity Defendants" misappropriated Highmark's trade secret by acquisition if the Entity Defendants acquired the trade secret and knew or had reason to know that it used improper means to acquire it.

**<u>Misappropriation by Disclosure (CACI 4406) – Entity Defendants</u>**

The Entity Defendants misappropriated Highmark's trade secret by disclosure if Entity Defendants

1. disclosed it without Highmark's consent; and
2. did any of the following:

   at the time of disclosure, knew or had reason to know that its knowledge of Highmark's trade secret was acquired under a duty of confidentiality owed to HighMark under the parties' Master Agreement, which required the Defendants to keep the OneCut™ system, including source code and HOP files, secret; or

   at the time of disclosure, knew or had reason to know that its knowledge of Highmark's trade secret came from Defendant David Winter, and that Winter owed a duty of confidentiality to Highmark to keep the OneCut™ system, including source code and HOP files, secret.

**<u>Misappropriation by Disclosure (CACI 4406) – David Winter</u>**

Defendant Winter misappropriated Highmark's trade secret by disclosure if Winter

1. disclosed the source code and/or HOP files for the OneCut™ system without Highmark's consent; and
2. at the time of disclosure, knew or had reason to know that his knowledge of Highmark's trade secret was acquired under a duty of confidentiality to Highmark, which required him to keep the OneCut™ system, including source code and HOP files, secret.

-54-

**Misappropriation by Use (CACI 4407) – Entity Defendants**

The Entity Defendants misappropriated Highmark's trade secret by use if the Entity Defendants

1. used it without Highmark's consent; and

2. did any of the following:

   acquired knowledge of the trade secret by improper means; or

   at the time of use, knew or had reason to know that its knowledge of HighMark's trade secret came from or through one or more of the individual defendants, and that one or more of the individual defendants had previously acquired the trade secrets by improper means; or

   at the time of use, knew or had reason to know that its knowledge of Highmark's trade secret was acquired under circumstances creating a legal obligation to limit use of the trade secret.

**Misappropriation by Use (CACI 4407) – David Winter**

David Winter misappropriated Highmark's trade secret by use if he:

1. used it without Highmark's consent; and

2. did any of the following:

   acquired knowledge of the trade secret by improper means; or

at the time of use, knew or had reason to know that his knowledge of Highmark's trade secret was acquired under circumstances creating a legal obligation to limit his use of the trade secret.

## **Improper Means of Acquiring Trade Secret (CACI 4408)**

Improper means of acquiring a trade secret or knowledge of a trade secret include, but are not limited to, theft, bribery, misrepresentation, breach or inducing a breach of a duty to maintain secrecy, wiretapping, electronic or eavesdropping.

# FIRST CAUSE OF ACTION INSTRUCTION NO. 30B
## (HIGHMARK'S CLAIM FOR TRADE SECRET UNDER
## 18 U.S.C. § 1836, *ET SEQ.* AGAINST ALL DEFENDANTS)

### DEFENDANTS' VERSION:
### Trade Secrets – Misappropriation of a Trade Secret

Highmark claims that Defendants misappropriated trade secrets belonging to Highmark.

To prove its claim, Highmark must prove the following facts by a preponderance of the evidence:

1: Highmark owns valid trade secrets; and

2: Those trade secrets relate to a product or service used in, or intended for use in, interstate or foreign commerce, that Highmark calls: (1) the hop file, and (2) the One-Cut software that converts measurement data into eXtensible markup language ("XML") output; and

3: Defendants misappropriated those trade secrets.

Highmark claims it owns the hop file and the One-Cut software that converts measurement data into eXtensible markup language ("XML") output. To prove that Highmark owns the hop file and the One-Cut software that converts measurement data into eXtensible markup language ("XML") output, it must prove that the hop file and the One-Cut software that converts measurement data into eXtensible markup language ("XML") output are its property.

Trade Secret. A trade secret may take many forms, including all forms and types of financial, business, scientific, technical, economic, or engineering information. A trade secret may include patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes. A trade secret may be tangible or intangible. A

trade secret does not have to be stored, compiled, or memorialized. But if it is, it does not have to be stored, compiled, or memorialized in any particular manner, such as physically, electronically, graphically, photographically, or in writing.

To qualify as a trade secret, Highmark must prove the following by a preponderance of the evidence:

1: The hop file and the One-Cut software that converts measurement data into eXtensible markup language ("XML") output are not generally known to another person who can obtain economic value from the disclosure or use of the information;

2: Another person cannot readily discover the hop file and the One-Cut software that converts measurement data into eXtensible markup language ("XML") output through proper means;

3: The hop file and the One-Cut software that converts measurement data into eXtensible markup language ("XML") output derive independent economic value, actual or potential, from not being known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information; and

4: Highmark has taken reasonable steps to keep the hop file and the One-Cut software that converts measurement data into eXtensible markup language ("XML") output secret.

Interstate or Foreign Commerce. Highmark claims that the hop file and the One-Cut software that converts measurement data into eXtensible markup language ("XML") output relate to a product or service used in, or intended for use in, interstate or foreign commerce. Use or intended use of the product or service in interstate commerce means that the product or service involves travel, trade, transportation, or communication between a place in one state and a place in another state. Use of the product or service in foreign commerce means that the product or service involves travel, trade, transportation, or communication

between a place in the United States and a place outside of the United States.

<u>Misappropriation.</u> Highmark claims that Defendants acquired, disclosed, or used the hop file and the One-Cut software that converts measurement data into eXtensible markup language ("XML") output without the right to do so. This is called "misappropriation."

For Highmark to prove that Defendants misappropriated the hop file and the One-Cut software that converts measurement data into eXtensible markup language ("XML") output, Highmark must prove the following by a preponderance of the evidence:

1: Defendants acquired, disclosed, or used the hop file and the One-Cut software that converts measurement data into eXtensible markup language ("XML") output without Highmark's express or implied consent; and

2: Defendants knew or should have known that the hop file and the One-Cut software that converts measurement data into eXtensible markup language ("XML") output

      i. was derived from or through a third person who used improper means to acquire the trade secret;

      ii. was acquired under circumstances giving rise to a duty to maintain the secrecy of the hop file and the One-Cut software that converts measurement data into eXtensible markup language ("XML") output or limit the use of the hop file and the One-Cut software that converts measurement data into eXtensible markup language ("XML") output, or

      iii. was derived from or through a third person who was under a duty to maintain the secrecy of or limit the use of the hop file and the One-Cut software that converts measurement data into eXtensible markup language ("XML") output.

"Improper means" may include theft, bribery, misrepresentation, breach or inducement of a breach of duty to maintain secrecy, and espionage through

electronic or other means.

Each act of acquiring, disclosing, or using the hop file and the One-Cut software that converts measurement data into eXtensible markup language ("XML") output may constitute a separate act of misappropriation.

"Express consent" is consent that is clearly and unmistakably stated. "Implied consent" is consent that is inferred from one's conduct rather than from one's direct expression.

**Source**: Judicial Council of the United States Eleventh Judicial Circuit Pattern Jury Instr. Civ. 11.1 (2020).

## **Trade Secrets – Damages – Compensatory**

If Highmark has not proved its claim for misappropriation of trade secrets, your verdict must be for Defendants on this claim, and you do not consider damages.

If Highmark has proved its claim for misappropriation of trade secrets, you must decide the issue of damages.

To the extent that it is not duplicative (that is, double counting), you may award either:

(1) the amount

(i) of Highmark's actual damages suffered as a result of Defendants' misappropriation of the hop file and the One-Cut software that converts measurement data into eXtensible markup language ("XML") output; and

(ii) Defendants' unjust enrichment that is a result of their misappropriation of the hop file and the One-Cut software that converts measurement data into eXtensible markup language ("XML") output, even if that amount is more than the actual damages suffered by Highmark

OR

(2) the amount of a reasonable royalty for Highmark's unauthorized disclosure or use of the hop file and the One-Cut software that converts measurement data into eXtensible markup language ("XML") output.

If you choose to award Highmark damages, you must choose to award damages based on either (1) actual damages plus unjust enrichment or (2) a reasonable royalty.

**Source**: Judicial Council of the United States Eleventh Judicial Circuit Pattern Jury Instr. Civ. 11.4 (2020).

### Trade Secrets – Damages – Exemplary

If you find that Defendants have engaged in willful and malicious misappropriation of the trade secret, you may award "exemplary" damages, that is, damages meant to make an example of Defendants. Exemplary damages may be awarded in an amount not more than two (2) times the amount awarded for compensatory damages (i.e. the amount awarded for either actual damages plus unjust enrichment or for a reasonable royalty).

**Source**: Judicial Council of the United States Eleventh Judicial Circuit Pattern Jury Instr. Civ. 11.5 (2020).

### Trade Secrets Affirmative Defense – Statute of Limitations

Defendants claim that Highmark's lawsuit was not filed within the time set by law, which is within three years after the claimed misappropriation occurred. To succeed on this defense, Defendants must prove that the claimed misappropriation of Highmark's trade secret(s) occurred before July 13, 2015. The law considers a continuing misappropriation as a single misappropriation. Therefore, you should determine whether the claimed misappropriation is a single misappropriation that began before or after July 13, 2015.

However, the lawsuit was still filed by Highmark on time if Highmark proves that before July 13, 2015, Highmark did not discover, nor with reasonable diligence should have discovered, the claimed misappropriation of Highmark's trade secret(s).

**Source**: Judicial Council of the United States Eleventh Judicial Circuit Pattern Jury Instr. Civ. 11.2 (2020).

**SECOND CAUSE OF ACTION INSTRUCTION NO. 31**

**(HIGHMARK'S CLAIM FOR TRADE SECRET MISAPPROPRIATION**

**UNDER CAL. CIV. CODE § 3426 *ET SEQ*., AGAINST ALL**

**DEFENDANTS))**

**PLAINTIFFS' VERSION:**

**[USE PRIOR INSTRUCTIONS]**

**DEFENDANTS' VERSION:**

**Introduction (CACI 4400)**

Highmark claims that it is the owner of a proprietary system for measuring and installing custom-fitted and pre-painted replacement doors for homes and businesses known as "One-Cut"™ which involves converting measurements of a doorframe into cutting instructions, known as a "HOP" file, for a door cutting machine.

Highmark claims that its OneCut™ system, specifically the source code for its conversion software and the resulting HOP files, is a trade secret and that Casablanca Design Centers Inc., Four Seasons Windows, Inc., One Day Doors and Closets Inc., One Day Enterprises LLC and David Winter, which I refer to collectively as "Defendants" misappropriated it. "Misappropriation" means the improper acquisition, use, or disclosure of the trade secret.

Highmark also claims that Defendants' misappropriation caused it harm or Defendants to be unjustly enriched.

Defendants deny that they misappropriated Plaintiff's OneCut™ system.

Defendants also claim that Highmark does not have trade secrets and in addition they did not misappropriate Highmark's trade secret(s). Defendants also claim that certain of Highmark's claimed trade secret(s) were readily ascertainable by proper means at the time of the alleged acquisition, use, or disclosure. Highmark's causes of action for breach of contract and misappropriation of trade secrets are barred entirely because Highmark did not file this lawsuit within the time set by law. The Defendants have the burden of proof on these Affirmative Defenses.

## **Essential Factual Elements (CACI 4401)**

Highmark claims that Defendants have misappropriated a trade secret.  To succeed on this claim, Highmark must prove all of the following:

6.  That Highmark owned the following:
    Source code for the conversion software and the resulting HOP files containing cutting instructions for the door-cutting machine.

7.  That these pieces of information were a trade secret at the time of the misappropriation;

8.  That Defendants improperly acquired, used, or disclosed the trade secret;

9.  That Highmark was harmed or Defendants were unjustly enriched; and

10. That Defendants' acquisition, use, or disclosure was a substantial factor in causing Highmark's harm or Defendants to be unjustly enriched.

### **Trade Secret Defined (CACI 4402)**

To prove that the HighMark's source code and HOP files are a trade secret, Highmark must prove all of the following:

4. That HighMark's source code and HOP files were secret;

5. That HighMark's source code and HOP files had actual or potential independent economic value because they were secret; and

6. That Highmark made reasonable efforts to keep its source code and HOP files secret.

### **"Independent Economic Value" Explained (CACI 4412)**

HighMark's source code and HOP files have independent economic value if it gives the owner an actual or potential business advantage over others who do not know the software and who could obtain economic value from its disclosure or use.

In determining whether HighMark's source code and HOP files have actual or potential independent economic value because it was secret, you may consider the following:

(a) The extent to which Highmark obtained or could obtain economic value

-65-

from its source code and resulting HOP files in keeping them secret;

(b) The extent to which others could obtain economic value from HighMark's source code and resulting HOP files if they were not secret;

(c) The amount of time, money, or labor that Highmark expended in developing its source code and resulting HOP files;

(d) The amount of time, money, or labor that would be saved by a competitor who used the source code and resulting HOP files;

The presence or absence of any one or more of these factors is not necessarily determinative.

## **Secrecy Requirement (CACI 4403)**

The secrecy required to prove that something is a trade secret does not have to be absolute in the sense that no one else in the world possesses the information. It may be disclosed to employees involved in Highmark's use of the trade secret as long as they are instructed to keep the information secret. It may also be disclosed to nonemployees if they are obligated to keep the information secret. However, it must not have been generally known to the public or to people who could obtain value from knowing it.

## **Reasonable Efforts to Protect Secrecy (CACI 4404)**

To establish that the source code for the OneCut™ system and the resulting HOP files are a trade secret, Highmark must prove that it made reasonable efforts under

the circumstances to keep it secret. "Reasonable efforts" are the efforts that would be made by a reasonable business in the same situation and having the same knowledge and resources as Highmark, exercising due care to protect important information of the same kind. This requirement applies separately to each item that Highmark claims to be a trade secret. In determining whether or not Highmark made reasonable efforts to keep its conversion software and HOP files secret, you should consider all of the facts and circumstances. Among the factors you may consider are the following:

Whether HighMark instructed its employees to treat the source code and HOP files as confidential;

Whether HighMark restricted access to the source code and HOP files for its software to persons who had a business reason to know the information;

Whether HighMark kept the source code and HOP files in a restricted or secured area;

Whether HighMark required employees or others with access to the source code and the HOP files to sign confidentiality or nondisclosure agreements;

Whether HighMark took any action to protect the specific the source code and HOP files, or whether it relied on general measures taken to protect its business information or assets;

The extent to which any general measures taken by HighMark would prevent the unauthorized disclosure of its source code and HOP files;

The presence or absence of any one or more of these factors is not necessarily determinative.

## **Misappropriation by Acquisition (CACI 4405) – Entity Defendants**

Casablanca Design Centers Inc., Four Seasons Windows, Inc., One Day Doors and Closets Inc., One Day Enterprises LLC, which I will refer to as "the Entity Defendants" misappropriated Highmark's trade secret by acquisition if the Entity Defendants acquired the trade secret and knew or had reason to know that it used improper means to acquire it.

## **Misappropriation by Disclosure (CACI 4406) – Entity Defendants**

The Entity Defendants misappropriated Highmark's trade secret by disclosure if Entity Defendants

　　3.　disclosed it without Highmark's consent; and

　　4.　did any of the following:

　　　　at the time of disclosure, knew or had reason to know that its knowledge of Highmark's trade secret was acquired under a duty of confidentiality owed to HighMark under the parties' Master Agreement, which required the Defendants to keep the OneCut™ system, including source code and HOP files, secret; or

　　　　at the time of disclosure, knew or had reason to know that its knowledge of Highmark's trade secret came from Defendant David Winter, and that Winter owed a duty of confidentiality to Highmark to keep the OneCut™ system, including source code and HOP files, secret.

## **Misappropriation by Disclosure (CACI 4406) – David Winter**

Defendant Winter misappropriated Highmark's trade secret by disclosure if Winter

3. disclosed the source code and/or HOP files for the OneCut™ system without Highmark's consent; and

4. at the time of disclosure, knew or had reason to know that his knowledge of Highmark's trade secret was acquired under a duty of confidentiality to Highmark, which required him to keep the OneCut™ system, including source code and HOP files, secret.

## **Misappropriation by Use (CACI 4407) – Entity Defendants**

The Entity Defendants misappropriated Highmark's trade secret by use if the Entity Defendants

3. used it without Highmark's consent; and

4. did any of the following:

    acquired knowledge of the trade secret by improper means; or

    at the time of use, knew or had reason to know that its knowledge of HighMark's trade secret came from or through one or more of the individual defendants, and that one or more of the individual defendants had previously acquired the trade secrets by improper means; or

    at the time of use, knew or had reason to know that its knowledge of Highmark's trade secret was acquired under circumstances creating a legal

obligation to limit use of the trade secret.

### **Misappropriation by Use (CACI 4407) – David Winter**

David Winter misappropriated Highmark's trade secret by use if he:

3. used it without Highmark's consent; and

4. did any of the following:

   acquired knowledge of the trade secret by improper means; or

   at the time of use, knew or had reason to know that his knowledge of Highmark's trade secret was acquired under circumstances creating a legal obligation to limit his use of the trade secret.

### **Improper Means of Acquiring Trade Secret (CACI 4408)**

Improper means of acquiring a trade secret or knowledge of a trade secret include, but are not limited to, theft, bribery, misrepresentation, breach or inducing a breach of a duty to maintain secrecy, wiretapping, electronic or eavesdropping.

**THIRD CAUSE OF ACTION INSTRUCTION NO. 32**
**(HIGHMARK'S CLAIM FOR VIOLATION OF CALIFORNIA**
**PENAL CODE § 502 *ET SEQ*. AGAINST DEFENDANT DAVID WINTER )**

HighMark claims that David Winter has violated the Comprehensive Computer Data and Access Fraud Act.  To establish this claim, HighMark must prove all of the following:

1. That HighMark is the owner of the HighMark corporate laptop that was in Winter's possession when he resigned, and of all data and files contained in the corporate laptop;

2. That Winter knowingly deleted the data on the corporate laptop;

3. That Winter's deletion of the data on the corporate laptop was without HighMark's permission;

4. That HighMark was harmed; and

5. That Winter's conduct was a substantial factor in causing HighMark's harm.

**Source**: Judicial Council of California Civil Jury Instructions (2021 edition), CACI No. 1812

## FOURTH CAUSE OF ACTION INSTRUCTION NO. 33
## (HIGHMARK'S CLAIM FOR BREACH OF CONTRACT AGAINST DEFENDANTS DAVID WINTER AND FOUR SEASONS WINDOWS INC.)

### DAVID WINTER

### Breach of Contract—Introduction (CACI 300)

Highmark claims that it and David Winter entered into an Employee Nondisclosure Assignment and Non-Solicitation Agreement. Highmark claims that David Winter breached this contract by engaging in negotiations with the Entity Defendants while still employed by Highmark and also by providing the Entity Defendants access to Highmark's proprietary OneCut™ system. Highmark also claims that David Winter's breach of this contract caused harm to Highmark for which David Winter should pay. David Winter denies these claims. David Winter also claims Highmark's lawsuit was not filed within the time set by law and is therefore barred entirely from being litigated.

### Breach of Contract—Essential Factual Elements (CACI 303)

To recover damages from David Winter for breach of contract, Highmark must prove all of the following:

1. That Highmark and David Winter entered into a contract;

2. That Highmark did all, or substantially all, of the significant things that the contract required it to do;

3. That David Winter did something that the contract prohibited him from doing;

4. That Highmark was harmed; and

5. That David Winter's breach of contract was a substantial factor in causing Highmark's harm.

## FOUR SEASONS

### Breach of Contract—Introduction (CACI 300)

Highmark claims that it and Four Seasons entered into a Master Agreement which allowed Four Seasons to use HighMark's OneCut system doors and which included a confidentially provision. Highmark claims that Four Seasons breached the contract by allegedly sending a confidential HOP file from HighMark's OneCut system to a third party for purposes of reverse-engineering the OneCut system from Highmark's HOP file.  Highmark also claims that Four Seasons' breach of this contract caused harm to Highmark for which Four Seasons should owe damages. Four Seasons denies these claims. Four Seasons also claims Highmark's lawsuit was not filed within the time set by law and is therefore barred entirely from being litigated.

### Breach of Contract—Essential Factual Elements (CACI 303)

To recover damages from Four Seasons for breach of contract, Highmark must prove all of the following:

1. That Highmark and Four Seasons entered into a contract;

2. That Highmark did all, or substantially all, of the significant things that the contract required it to do;

3. That Four Seasons did something that the contract prohibited it from doing;

4. That Highmark was harmed; and

5. That Four Season's breach of contract was a substantial factor in causing Highmark's harm.

**DEFENDANTS ONLY:**

**Substantial Performance (CACI 312)**

Defendants contend that Highmark did not perform all of the things that Highmark was required to do under the contract, and therefore Defendants did not have to perform its obligations under the contract.  To overcome this contention, Highmark must prove both of the following:

1.    That Highmark made a good faith effort to comply with the contract; and

2.    That Defendants received essentially what the contract called for because Highmark's failures, if any, were so trivial or unimportant that they could have been easily fixed or paid for.

**DEFENDANTS ONLY:**

**Interpretation – Disputed Words (CACI 314)**

Highmark and Defendants dispute the meaning of the following words in their contract: _____.

Highmark claims that the words mean _____.  Defendants claim that the words mean _____.  Highmark must prove that its interpretation is correct.

In deciding what the words of a contract mean, you must decide what the parties intended at the time the contract was created.  You may consider the usual and ordinary meaning of the language used in the contract as well as the circumstances surrounding the making of the contract.

*[The following instructions may also help you interpret the words of the contract: _____]*

**DEFENDANTS ONLY:**

**Interpretation – Meaning of Ordinary Words (CACI 315)**

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## __DEFENDANTS ONLY:__

## __Interpretation – Meaning of Technical Words (CACI 316)__

You should assume that the parties intended technical words used in the contract to have the meaning that is usually given to them by people who work in that technical field, unless you decide that the parties clearly used the words in a different sense.

**<u>DEFENDANTS ONLY:</u>**

**<u>Interpretation – Construction of Contract as a Whole (CACI 317)</u>**

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts.  You should use each part to help you interpret the others, so that all the parts make sense when taken together.

1

## **DEFENDANTS ONLY:**

2

3

4

5

6

## **Interpretation – Construction by Conduct (CACI 318)**

7

8      In deciding what the words in a contract meant to the parties, you may

9

10   consider how the parties acted after the contract was created but before any

11   disagreement between the parties arose.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **<u>DEFENDANTS ONLY:</u>**

2

3

4

5

6

7    **<u>Interpretation – Construction Against Drafter (CACI 320)</u>**

8

9        In determining the meaning of the words of the contract, you must first

10   consider all of the other instructions that I have given you.  If, after considering

11   these instructions, you still cannot agree on the meaning of the words, then you

12   should interpret the contract against Highmark.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS ONLY:**

**Mitigation of Damages (CACI 358)**

If Defendants breached the contract and the breach caused harm, Highmark is not entitled to recover damages for harm that Defendants prove Highmark could have avoided with reasonable efforts or expenditures.  You should consider the reasonableness of Highmark's efforts in light of the circumstances facing it at the time, including its ability to make the efforts or expenditures without undue risk or hardship.

If Highmark made reasonable efforts to avoid harm, then your award should include reasonable amounts that it spent for this purpose.

**DEFENDANTS ONLY:**

**Present Cash Value of Future Damages (CACI 359)**

To recover for future harm, Highmark must prove that the harm is reasonably certain to occur and must prove the amount of those future damages. The amount of damages for future harm must be reduced to present cash value. This is necessary because money received now will, through investment, grow to a larger amount in the future. Defendants must prove the amount by which future damages should be reduced to present value.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide Highmark with the amount of its future damages.

*[You may consider expert testimony in determining the present cash value of future damages.]**[ You must use _____ and _____ agreed to by the parties in determining the present cash value of future damages.]*

**<u>VF 300 – Breach of Contract</u>**

We answer the questions submitted to us as follows:

1.     Did Highmark and [Four Seasons] / [David Winter] enter into a contract? (separate question for each defendant listed above)


_____ Yes    _____ No


If your answer to question 1 is yes, then answer question 2.

If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.


2.     Did Highmark do all, or substantially all, of the significant things that the contract required it to do?


_____ Yes    _____ No


If your answer to question 2 is yes, skip question 3 and answer question 4.  If you answered no, answer question 3.


3.     Was Highmark excused from having to do all, or substantially all, of

the significant things that the contract required it to do?

_____ Yes   _____ No

If your answer to question 3 is yes is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.   Did all the conditions that were required for Defendants' performance occur?

_____ Yes   _____ No

If your answer to question 4 is yes, then skip question 5 and answer question 6. If you answered no, answer question 5.

5.   Were the required conditions that did not occur [excused /waived]?

_____ Yes   _____ No

If your answer to question 5 is yes, then answer question 6.  If you

answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.     Did Defendants do something that the contract prohibited them from doing?

_____ Yes     _____ No

If your answer to 6 is yes, then answer question 7. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

7.     Was Highmark harmed by Defendants' breach of contract?

_____ Yes     _____ No

If your answer to question 7 is yes, then answer question 8.
If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

8.     What are Highmark's damages?

a.   Past   economic   loss,   $_____
     including _____

b.   Future   economic   loss,   $_____
     including _____

c.   [**PLAINTIFF   ONLY:**]
     Attorneys' fees and costs
     pursuant to attorney-fee
     provision in agreement

                                        TOTAL   $_____

Signed:_____

     Presiding Juror

Dated:_____

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant]

that you are ready to present your verdict in the courtroom.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **<u>AFFIRMATIVE DEFENSES</u>**

1

## **DEFENDANTS' VERSION:**

2

3

## **FIRST AFFIRMATIVE DEFENSE INSTRUCTION NO. 34**

4

5

## **Trade Secrets Affirmative Defense – Statute of Limitations**

6       Defendants claim that Highmark's lawsuit was not filed within the time set

7   by law, which is within three years after the claimed misappropriation occurred.

8   To   succeed   on   this   defense,   Defendants   must   prove   that   the   claimed

9   misappropriation of Highmark's trade secret(s) occurred before July 13, 2015. The

10   law   considers   a   continuing   misappropriation   as   a   single   misappropriation.

11   Therefore, you should determine whether the claimed misappropriation is a single

12   misappropriation that began before or after July 13, 2015.

13       However, the lawsuit was still filed by Highmark on time if Highmark

14   proves that before July 13, 2015, Highmark did not discover, nor with reasonable

15   diligence  should  have  discovered,  the  claimed  misappropriation  of  Highmark's

16   trade secret(s).

17

18

19   **Source**: Judicial Council of the United States Eleventh Judicial Circuit Pattern

20   Jury Instr. Civ. 11.2 (2020).

21

22

23

24

25

26

27

28

**DEFENDANTS' VERSION:**

**SECOND AFFIRMATIVE DEFENSE INSTRUCTION NO. 35**

**Affirmative Defense – Information Was Readily Ascertainable by Proper Means (CACI 4420)**

Defendants did not misappropriate Highmark's trade secret[s] if Defendants prove that the HOP file information was readily ascertainable by proper means at the time of the alleged acquisition, use, or disclosure.

There is no fixed standard for determining what is "readily ascertainable by proper means." In general, information is readily ascertainable if it can be obtained, discovered, developed, or compiled without significant difficulty, effort, or expense. For example, information is readily ascertainable if it is available in trade journals, reference books, or published materials. On the other hand, the more difficult information is to obtain, and the more time and resources that must be expended in gathering it, the less likely it is that the information is readily ascertainable by proper means.


**Source**: Judicial Council of California Civil Jury Instructions (2021), CACI No. 4420.

**DEFENDANTS' VERSION:**

**THIRD AFFIRMATIVE DEFENSE INSTRUCTION NO. 36**

**Affirmative Defense – Statute of Limitations – Three Year Limit**
**(CACI 4421)**

Defendants claim that Highmark's lawsuit was not filed within the time set by law. To succeed on this defense, Defendants must prove that the claimed misappropriation of Highmark's trade secrets occurred before July 13, 2015.

However, the lawsuit was still filed on time if Highmark proves that before July 13, 2015, it did not discover, nor with reasonable diligence should have discovered, facts that would have caused a reasonable person to suspect that Defendants had misappropriated Highmark's Hop file information.

**Source**: Judicial Council of California Civil Jury Instructions (2021), CACI No. 4421.

**DEFENDANTS' VERSION:**

**FOURTH AFFIRMATIVE DEFENSE INSTRUCTION NO. 37**

**Affirmative Defense – Statute of Limitations (CACI 338)**

Defendants contend that Highmark's lawsuit was not filed within the time set by law.  To succeed on this defense, Defendants must prove that Highmark's claimed harm occurred before July 13, 2014.

**Source**: Judicial Council of California Civil Jury Instructions (2021), CACI No. 338.

**PLAINTIFF'S VERSION:**


**VF 4400 – Misappropriation of Trade Secrets**


We answer the questions submitted to us as follows:

    1.    Was Highmark the owner of One-Cut software and the resulting HOP files?


    _____ Yes    _____ No


    If your answer to question 1 is yes, then answer question 2.

    If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.


    2.    Was the One-Cut software and resulting HOP files secret at the time of the alleged misappropriation?


    _____ Yes    _____ No


    If your answer to question 2 is yes, then answer question 3.

    If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.


    3.    Did this One-Cut software and resulting HOP files have actual or potential independent economic value because it was secret?

_____ Yes    _____ No

If your answer to question 3 is yes, then answer question 4.

If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.    Did Highmark make reasonable efforts under the circumstances to keep the One-Cut software and the resulting HOP files secret?

_____ Yes    _____ No

If your answer to question 4 is yes, then answer question 5.

If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.    Did Defendants acquire, use, or disclose the trade secret[s] by improper means?

_____ Yes    _____ No

If your answer to question 5 is yes, then answer question 6.

If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.    Was Defendants' improper acquisition, use, or disclosure of the One-Cut software and resulting HOP files a substantial factor in causing Highmark's harm or Defendants to be unjustly enriched?

1            _____ Yes    _____ No

2

3            If your answer to question 6 is yes, then answer question 7.

4            If you answered no, stop here, answer no further questions, and have

5            the presiding juror sign and date this form.

6

7       7.    What are Highmark's damages?

8

9            a.  Past Economic Loss

10               lost earnings              $_____

11               lost profits              $_____

12               other past economic loss      $_____

13                   Total Past Economic Damages:  $ _____

14

15           b.  Future Economic Loss

16               lost earnings              $_____

17               lost profits              $_____

18               other past economic loss      $_____

19                   Total Future Economic  $ _____

20                           Damages:

21

22           c.  Defendants'              $_____

23           Unjust

24           Enrichment

25

26

27                       TOTAL DAMAGES  $ _____

28

Signed: _____

      Presiding Juror

Dated: _____

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.

**DEFENDANTS' VERSION:**

**VF 4400 – Misappropriation of Trade Secrets**

We answer the questions submitted to us as follows:

    1.    Was Highmark the owner of One-Cut software that converts measurement data into eXtensible markup language ("XML") output?

    _____ Yes    _____ No

    If your answer to question 1 is yes, then answer question 2.

    If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    2.    Was this One-Cut software that converts measurement data into eXtensible markup language ("XML") output secret at the time of the alleged misappropriation?

    _____ Yes    _____ No

    If your answer to question 2 is yes, then answer question 3.

    If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    3.    Did this One-Cut software that converts measurement data into eXtensible markup language ("XML") output have actual or potential independent economic value because it was secret?

_____ Yes    _____ No

If your answer to question 3 is yes, then answer question 4.

If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.    Did Highmark make reasonable efforts under the circumstances to keep the One-Cut software that converts measurement data into eXtensible markup language ("XML") output secret?

_____ Yes    _____ No

If your answer to question 4 is yes, then answer question 5.

If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.    Did Defendants acquire, use, or disclose the trade secret[s] by improper means?

_____ Yes    _____ No

If your answer to question 5 is yes, then answer question 6.

If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.    Was Defendants' improper acquisition, use, or disclosure of the One-Cut software that converts measurement data into eXtensible markup language ("XML") output a substantial factor in causing Highmark's

harm or Defendants to be unjustly enriched?

_____ Yes   _____ No

If your answer to question 6 is yes, then answer question 7.

If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

7.   What are Highmark's damages?

a.   Past Economic Loss

      lost earnings                         $_____

      lost profits                           $_____

      other past economic loss              $_____

            Total Past Economic Damages:   $ _____

b.   Future Economic Loss

      lost earnings                         $_____

      lost profits                           $_____

      other past economic loss              $_____

            Total Future Economic   $ _____
            Damages:

                TOTAL   $ _____

Signed: _____

    Presiding Juror

Dated: _____

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.

### VF 4400 – Misappropriation of Trade Secrets

We answer the questions submitted to us as follows:

1.      Was Highmark the owner of HOP files?

       _____ Yes     _____ No

       If your answer to question 1 is yes, then answer question 2.
       If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.      Was a HOP file secret at the time of the alleged misappropriation?

       _____ Yes     _____ No

       If your answer to question 2 is yes, then answer question 3.
       If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.      Did these HOP files have actual or potential independent economic value because it was secret?

       _____ Yes     _____ No

       If your answer to question 3 is yes, then answer question 4.

If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.     Did Highmark make reasonable efforts under the circumstances to keep the HOP files secret?

_____ Yes    _____ No

If your answer to question 4 is yes, then answer question 5.

If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.     Did Defendants acquire, use, or disclose the trade secret[s] by improper means?

_____ Yes    _____ No

If your answer to question 5 is yes, then answer question 6.

If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.     Was Defendants' improper acquisition, use, disclosure of the HOP file a substantial factor in causing Highmark's harm or Defendants to be unjustly enriched?

_____ Yes    _____ No

If your answer to question 6 is yes, then answer question 7.

If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

7.    What are Highmark's damages?

    a.  Past Economic Loss

        lost earnings             $_____

        lost profits               $_____

        other past economic loss    $_____

             Total Past Economic Damages:  $ _____

    b.  Future Economic Loss

        lost earnings             $_____

        lost profits               $_____

        other past economic loss    $_____

             Total Future Economic  $ _____
             Damages:
                   TOTAL  $ _____

Signed: _____

    Presiding Juror

Dated: _____

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6        # **<u>DAMAGES</u>**
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# FINAL JURY INSTRUCTION NO. 38
## (DAMAGES – PROOF)

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

[*Insert types of damages. See Instruction 5.2 (Measures of Types of Damages)*]

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 5.1

-105-

# FINAL JURY INSTRUCTION NO. 40

## (DAMAGES – MITIGATION)

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 5.3

## **DEFENDANTS ONLY:**

### **FINAL JURY INSTRUCTION NO. 41**
### **(DAMAGES ARISING IN THE FUTURE-DISCOUNT TO PRESENT CASH VALUE)**

Any award for future economic damages must be for the present cash value of those damages.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages [will be incurred] [or] [would have been received].

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. [You should also consider decreases in the value of money that may be caused by future inflation.]

**FINAL JURY INSTRUCTION NO. 42**

**(NOMINAL DAMAGES)**

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 5.6

## DAMAGES INSTRUCTION NO. 43
### Remedies for Misappropriation of Trade Secret (CACI 4409)

If Highmark proves that Defendants misappropriated its trade secret, then Highmark is entitled to recover damages if the misappropriation caused Highmark to suffer an actual loss or Defendants to be unjustly enriched.

If Defendants' misappropriation did not cause Highmark to suffer an actual loss or Defendants to be unjustly enriched, Highmark may still be entitled to a reasonable royalty for no longer than the period of time the use could have been prohibited. However, I will calculate the amount of any royalty.

### Unjust Enrichment (CACI 4410)

Defendants was unjustly enriched if their misappropriation of Highmark's trade secret caused Defendants to receive a benefit that they otherwise would not have achieved.

To decide the amount of any unjust enrichment, first determine the value of Defendants' benefit that would not have been achieved except for their misappropriation. Then subtract from that amount Defendants' reasonable expenses.

### Punitive Damages for Willful and Malicious Misappropriation (CACI 4411)

If you decide that Defendants' misappropriation caused Highmark harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed

Highmark and to discourage similar conduct in the future.

In order to recover punitive damages, Highmark must prove that Defendants acted willfully and maliciously. You must determine whether Defendants acted willfully and maliciously, but you will not be asked to determine the amount of any punitive damages. I will calculate the amount later.

"Willfully" means that Defendants acted with a purpose or willingness to commit the act or engage in the conduct in question, and the conduct was not reasonable under the circumstances at the time and was not undertaken in good faith.

"Maliciously" means that Defendants acted with an intent to cause injury, or that Defendants' conduct was despicable and was done with a willful and knowing disregard for the rights of others. "Despicable conduct" is conduct so vile, base, or wretched that it would be looked down on and despised by ordinary decent people. Defendants acted with knowing disregard if they were aware of the probable consequences of their conduct and deliberately failed to avoid those consequences.

### PLAINTIFF ONLY:
### Introduction to Contract Damages  (CACI 350)

If you decide that Highmark has proved its claim against David Winter or Four Seasons for breach of contract, you also must decide how much money will reasonably compensate Highmark for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put Highmark in as good a position as it would have been if David Winter or Four Seasons had performed as promised.

To recover damages for any harm, Highmark must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was

likely to occur in the ordinary course of events as result of the breach of the contract. Highmark also must prove the amount of its damages according to the following instructions. It does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

Highmark claims damages for Loss of Profits.

## **PLAINTIFF ONLY:**

### **Loss of Profits—Some Profits Earned (CACI 353)**

To recover damages for lost profits, Highmark must prove that it is reasonably certain it would have earned more profits but for David Winter's or Four Season's breach of the contract.

To decide the amount of damages for lost profits, you must:

1. First, calculate Highmark's estimated total profit by determining the gross amount it would have received if the contract had been performed, and then subtracting from that amount the costs Highmark would have had if the contract had been performed;

2. Next, calculate Highmark's actual profit by determining the gross amount it actually received, and then subtracting from that amount Highmark's actual costs; and

3. Then, subtract Highmark's actual profit, which you determined in the second step, from its estimated total profit, which you determined in the first step.

The resulting amount is Highmark's lost profit.

You do not have to calculate the amount of the lost profits with mathematical precision, but there must be a reasonable basis for computing the loss.

1

2    **Damages for Investigating Violations of Comprehensive Computer Data and**

3    **Access Fraud Act (Pen. Code, § 502(e)(1)) (CACI 1814)**

4             To recover damages for money spent to investigate or verify whether

5    HighMark's data was deleted from the corporate laptop by Defendant Winter,

6    HighMark must prove the amount of money reasonably and necessarily spent to

7    conduct such an investigation.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **<u>FINAL JURY INSTRUCTIONS</u>**

**PLAINTIFF ONLY:**


**FINAL JURY INSTRUCTION NO. 50**
**(DUTY OF JURY)**


Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.


**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 1.4

## FINAL JURY INSTRUCTION NO. 51
## (DUTY TO DELIBERATE)

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source**:  U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 3.1

**FINAL JURY INSTRUCTION NO. 52**

**(CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY)**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people

-116-

involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 3.2

**FINAL JURY INSTRUCTION NO. 53**

**(COMMUNICATION WITH COURT)**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 3.3

# FINAL JURY INSTRUCTION NO. 55
## (RETURN OF VERDICT)

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 3.5

**FINAL JURY INSTRUCTION NO. 56**

**3.6 ADDITIONAL INSTRUCTIONS OF LAW**

At this point I will give you an additional instruction. By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this instruction was read separately to you. You must consider this instruction together with all of the other instructions that were given to you.

[Insert text of new instruction.]

You will now retire to the jury room and continue your deliberations.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 3.6

## FINAL JURY INSTRUCTION NO. 57
## (DEADLOCKED JURY)

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now return to the jury room and continue your deliberations.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury

-121-

1   Instructions, Instruction 3.7

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# FINAL JURY INSTRUCTION NO. 58

## (CONTINUING DELIBERATIONS AFTER JUROR IS DISCHARGED)

[One] [Some] of your fellow jurors [has] [have] been excused from service and will not participate further in your deliberations. You should not speculate about the reason the [juror is] [jurors are] no longer present.

You should continue your deliberations with the remaining jurors. Do not consider the opinions of the excused [juror] [jurors] as you continue deliberating. All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 3.8

**FINAL JURY INSTRUCTION NO. 59**

**(POST-DISCHARGE INSTRUCTION)**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.

**Source**: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 3.9

1    **SO STIPULATED AND AGREED:**

2

3                                    Respectfully submitted,

4                                    KNOBBE, MARTENS, OLSON & BEAR, LLP

5

6    Dated: September 7, 2021        By: */s/ Thomas P. Krzeminski*
7                                         Michael K. Friedland
                                          Thomas P. Krzeminski
8

9                                        *Attorneys for Plaintiff,*
10                                        HIGHMARK DIGITAL, INC.

11

12                                   PORTER SCOTT

13   Dated:  September 7, 2021       By: */s/ Martin N. Jensen*
14                                        Martin N. Jensen
                                          Joceline M. Herman
15

16                                       *Attorneys for Defendants,*
                                          CASABLANCA DESIGN CENTERS, INC.,
17                                        FOUR SEASONS WINDOWS, INC., ONE
                                          DAY DOORS AND CLOSETS, INC.,
18                                        DAVID WINTER, AND ONE DAY
                                          ENTERPRISES, LLC
19

20

21

22

23

24

25

26

27

28

## **FILER'S ATTESTATION**

Pursuant to Local Rule 5-4.3.4 regarding signatures, I hereby attest that concurrence in the filing of this document and related Declarations have been obtained from all signatories above.


Dated:  September 7, 2021      By: */s/ Thomas P. Krzeminski*
                                   Thomas P. Krzeminski